UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **SA CV 24-715-JFW(ADSx)** | Date: April 16, 2024 |
| Title: | Yulin Guo -v- David M. Radel | |

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED

On April 1, 2024, Plaintiff Yulin Gou ("Plaintiff"), proceeding *pro se*, filed a Complaint against Defendant David M. Randel.  In his Complaint, Plaintiff has failed to allege any basis for jurisdiction or any legal basis or a sufficient factual basis for the relief he seeks.  Instead, Plaintiff's entire Complaint consists of two sentences, which state:

I APPLIED ASYLUM ON 3/23/2015 TO ASYLUM OFFICE IN LOS ANGELES, RECEIPT NUMBER IS ZLA1500044930, MY A NUMBER IS 208-072-865, 9 YEARS ALREADY PASSED, I DID NOT GET INTERVIEW, I WANT MY HONOR ORDER [*sic*] DAVID M. RADEL/DIRECTOR OF ASYLUM OFFICE IN LOS ANGELES TO SET ME UP FOR AN INTERVIEW, YOU CAN HELP ME I WILL VERY APPRECIATED [*sic*].  THANKS A LOT.

The Federal Rules of Civil Procedure require that "[a] pleading that states a claim for relief *must contain* . . . a short and plain statement of the grounds for the court's jurisdiction."  Federal Rule of Civil Procedure 8(a) (emphasis added).  In addition, the Local Rules provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction."  Local Rule 8-1.  Moreover, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*., 523 U.S. 83, 89 (1998) (quotation omitted).  "Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  *Hagans v. Levine*, 415 U.S. 528, 536 (1974) (internal citations and quotation marks

omitted). When a claim is not substantial, it is "so patently without merit that the claim requires no meaningful consideration." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 975 (9th Cir. 2019).

In the Complaint, Plaintiff has failed to include a jurisdictional statement and, as a result, failed to properly allege that this Court has jurisdiction over the Complaint.  In addition, Plaintiff has failed to allege any legal basis or a sufficient factual basis for the relief requested.  Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **April 30, 2024**, why this action should not be dismissed for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.   If Plaintiff files an amended complaint which corrects the defects noted above on or before **April 30, 2024**, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.